UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-60452-CIV-COHN/SELTZER

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.

    Plaintiff,

v.

TRIPLE A WARRANTY INC., ELITE
LAND SURVEYING, LLC d/b/a
TRIPLE A WARRANTY, JILLIAN
JARBOE, MELISSA KREISBERG,
SHERRY KREISBERG, WAYNE
KREISBERG, MICHAEL
McGROARTY, and MATTHEW
NOCERINO a/k/a MATTHEW
MOTORS

    Defendants

## CONSENT ORDER OF JUDGMENT

WHEREAS, The American Automobile Association, Inc. ("AAA") has brought an action in this Court against Triple A Warranty Inc., Elite Land Surveying, LLC, Jillian Jarboe, Melissa Kreisberg, Sherry Kreisberg, and Wayne Kreisberg (the "Defendants")[1] in which it has alleged that Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive TRIPLE A and AAA trademarks ("AAA Marks"), in violation of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1114, 1125, and Florida state law, by registering and using the corporate name "Triple A Warranty Inc." and using the corporation to advertise and sell automobile warranty products and services under the marks "Triple A," "Triple A

---

[1] All claims against Defendants Michael McGroarty and Matthew Nocerino were voluntarily dismissed without prejudice on September 21, 2009.

{M2854365.1}

Warranty," "Triple A Warranty Inc.," "Triple A Warranties," and "AAA Warranty Service" (the "Infringing Marks");

WHEREAS, the Court has jurisdiction over this civil action by virtue of 28 U.S.C. §§ 1331, 1338, and 1367;

WHEREAS, AAA and Defendants have entered into a Settlement Agreement to resolve any and all controversies and disputes between them existing as of this date;

WHEREAS, pursuant to that Settlement Agreement, AAA has agreed to dismiss its claims for damages, attorneys' fees and costs;

WHEREAS, pursuant to that Settlement Agreement, Defendants have agreed and consented to entry by the Court of a permanent injunction restraining them from violating AAA's trademark rights; and

WHEREAS, Defendants waive all defenses or counterclaims which they might otherwise raise at a trial on the merits of AAA's demand for a temporary restraining order, preliminary injunction, permanent injunction, and/or damages.

NOW THEREFORE, Defendants consent and agree that this Court enter a judgment permanently enjoining them from unauthorized use of AAA's trademarks, or of marks confusingly similar to any of them.

The Court does hereby, upon the consent of the parties, declare that a permanent injunction issue herein as follows:

IT IS ORDERED, ADJUDGED, AND DECREED:

1. That Defendants shall pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) upon entry of this Consent Judgment, plus twenty-four (24) monthly payments of Two Hundred Fifty Dollars ($250.00) commencing on October 1, 2009 (the "Restitution

Payment"). The Restitution Payment shall be paid in partial satisfaction of attorneys' fees and costs that Plaintiff has incurred and that Plaintiff otherwise would be entitled to as the prevailing party of this litigation;

2. That Defendants, their agents, attorneys, representatives, employees, and all persons in active concert or participation with them who receive notice hereof, are hereby permanently enjoined from any unauthorized use of AAA's trademarks, or of marks confusingly similar to any of them;

3. That each and every claim for damages, penalties, costs, and attorneys' fees by AAA against Defendants, other than the permanent injunction granted herein, is hereby dismissed with prejudice, except for such damages, penalties, costs, and/or attorneys' fees which might result from any violation of this Order; and

4. That this case shall be closed, except that this Court shall retain jurisdiction for the purpose of enforcing the Settlement Agreement and this Consent Order of Judgment.

ENTERED this 21st day of SEPTEMBER, 2009.

James I. Cohn
United States District Court
Southern District of Florida
JAMES I. COHN